## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH    CENTRAL  DIVISION

| | |
|---|---|
| SHANNON CHAPMAN,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>CARMIKE CINEMAS, INC.,<br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL**<br><br>Case No. 2:06cv00948<br>District Judge Ted Stewart<br>Magistrate Judge David Nuffer |

Plaintiff filed a motion to compel discovery seeking responsive answers to her recent interrogatories four and seven; production of documents requested by requests for production thirteen, twenty, and twenty seven; and an award of attorney fees.[1]

### Facts of This Case

Plaintiff was employed at the Carmike Ritz 15 movie theatre in West Valley City, Utah from July 2001 until May 2005.[2]  In May of 2004, Plaintiff was sexually assaulted at work by her manager, Walter McFashion, who pled guilty to a criminal charge and went to jail.[3]  Plaintiff filed this civil lawsuit against Carmike Cinemas for violation of Title VII and constructively discharging Plaintiff.[4]  Defendant has alleged[5] it has a valid

---

[1] Plaintiff's Motion to Compel Discovery, docket no. 14, filed Feb. 22, 2007, at 1 [*hereinafter* Motion to Compel].

[2] Carmike's Response to Motion to Compel, docket no. 16, filed Mar. 12, 2007, at i. [*hereinafter* Carmike's Opposition].

[3] Plaintiff's Memorandum in Support of Motion to Compel, docket no. 15, filed Feb. 22, 2007, at 1 [*hereinafter* Supporting Memorandum]; Carmike's Opposition at i.

[4] Third Cause of Action, Complaint, attached to Notice of Removal, docket no. 1, filed November 13, 2006.  Defendant asserts Plaintiff quit to provide childcare for her brother's children.  Carmike's Opposition at i

*Ellerth/Faragher* defense,[6] arguing that it had reasonable and effective means for reporting and correcting any sexually harassing behavior and that Plaintiff failed to put Carmike on notice of any alleged misconduct in a timely manner."[7]

**Discovery at Issue**

On December 1, 2006, Plaintiff served her first discovery request on Defendant,[8] and Defendant responded on January 3, 2007.[9]  Plaintiff found Defendant's responses deficient in several respects, and sent a letter January 4, 2007 expressing her concerns.[10] Counsel for both parties exchanged several letters and discussed the matter via telephone, but no agreement could be reached as to what discovery was required and necessary.[11] Thus, Plaintiff filed her motion to compel discovery on February 22, 2007.[12]

There are five discovery requests at issue: interrogatory numbers four and seven and request numbers thirteen, twenty, and twenty-seven.[13]  This order will discuss the two interrogatories individually; the three requests collectively; and then the attorney fees issue.

---

[5] Carmike's Opposition at 4.

[6] Referring to *Faragher v. Boca Raton,* 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998).

[7] Seventh and Eighth Defenses, Answer, docket no. 5, filed November 20, 2007.

[8] Supporting Memorandum at 2.

[9] Defendant's Response to Plaintiff's First Discovery, attached as Exhibit 1 to Supporting Memorandum.

[10] Letter dated Jan. 4, 2007, attached as Exhibit 2 to Supporting Memorandum.

[11] Exhibits 3–6 to Supporting Memorandum; Supporting Memorandum at 2.

[12] Motion to Compel, docket no. 14, filed Feb. 22, 2007.

[13] Carmike's Opposition at ii.

**Interrogatory Four**

> Please identify by person making the complaint, date of complaint, and allegations made, each and every instance in which any person has ever expressed concern about, complained of or alleged sexual harassment or a sexually hostile environment whether said complaint was the subject of a law suit, handled by an administrative agency, or resolved in house. Include in your answer any and all such expressions of concern, complaints or allegations of harassment, or sexually hostile environment which occurred between May 25, 1999 and the date of answering this discovery.[14]

Plaintiff has agreed to limit the scope to only those complaints by the employees of the three Salt Lake theaters, from one year before Plaintiff was employed until one year after.[15]

Plaintiff argues that evidence of complaints of sexual harassment made by other employees will prove that Defendant had not "exercised reasonable care to prevent and correct promptly any sexually harassing behavior."[16]  Plaintiff asserts that Defendant had a uniform policy on sexual harassment for the entire county and that it was administered and enforced across the county by a single person, manager Scott Dunaway.[17]  Plaintiff points out that after Plaintiff was assaulted, her written statement went to Dunaway; that Dunaway attended Plaintiff's deposition on behalf of Defendant instead of the Ritz 15 theater manager; and that the managers from all three Salt Lake theaters attended joint training meetings on sexual assault.[18]  Plaintiff asserts that if Defendant was receiving

---

[14] Supporting Memorandum at 2–3.

[15] Supporting Memorandum at 3.

[16] *Pa. State Police v. Suders*, 124 S. Ct. 2342, 2344 (U.S. 2004) cited in Supporting Memorandum at 2 and discussed at 3–4.

[17] Supporting Memorandum at 3–4.

[18] Supporting Memorandum at 3.

complaints from employees at the other locations operating under the same policy and general manager, "then it was clearly on notice that its preventative and corrective policies were not working."[19]  Therefore, Plaintiff argues, the discovery sought is necessary and relevant.

Defendant argues that Interrogatory Four is irrelevant.[20]  It asserts that because Defendant has made an objection to the relevancy of the interrogatory, that the burden is on the Plaintiff to prove relevancy, and Plaintiff has failed to meet her burden.[21]  However, courts in this jurisdiction, including the one cited by Defendant, hold that the burden of showing irrelevance is *on the party resisting discovery*, unless "relevancy is not readily apparent."[22]  The case also states that "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[23]  It appears facially that the information is relevant in this case, so the burden is on Defendant to show that the discovery sought is irrelevant.

Defendant argues[24] that Plaintiff stated that if "there are no complaints or allegations other than the present case that have been made against Mr. McFashion,"[25]

---

[19] Supporting Memorandum at 4.

[20] Carmike's Opposition at ii–iii.

[21] Carmike's Opposition at 1 ("When an objection is made, it is the requesting party's burden to demonstrate that the requested information is relevant or otherwise discoverable." (citing *Apsley v. Boeing Co.*, No. 05-1368-*MLB*, 2007 WL 163201, at *2 (D. Kan. Jan. 18, 2007)).

[22] *Apsley* at *2 (citing *Hammond v. Lowe's Home Centers*, 216 F.R.D. 666, 670 (D. Kan. 2003)); *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

[23] *Apsley* at *2 (citing *Sheldon v. Vermont*, 2004 F.R.D. 679, 689–90 (D. Kan. 2001)).

[24] Carmike Opposition at ii.

Plaintiff would not seek information under this interrogatory.  Defendant asserts that it has "demonstrated that no other employee had ever complained about Mr. McFashion," and therefore has sufficiently shown that this is a "moot point."[26]  But the court is not convinced that this is the meaning of the comment Plaintiff's counsel made.

Defendant further argues that the scope of Interrogatory Four is overly broad in temporal and geographic scope,[27] and that all Defendant should be required to produce are complaints by employees of the Ritz 15 during the time that Plaintiff was employed there.[28]  Defendant explains that although Dunaway was responsible for overseeing the operations of all the Salt Lake theaters, "the management personnel at each individual theater are responsible for enforcing Carmike's sexual harassment policies at each theater."[29]  Furthermore, Defendant asserts that "in determining the geographic scope of discovery for non-class complaints, the focus should be upon the source of the complained discrimination, i.e., the unit or facility that employed the plaintiff, absent some showing of particularized need and relevance,"[30] and that Plaintiff has not shown a

---

[25] Letter dated Jan. 4, 2007, at 5, attached as Exhibit 2 to Supporting Memorandum.

[26] Carmike's Opposition at iii.

[27] Carmike's Opposition at iii, 2.

[28] Supporting Memorandum at 3.

[29] Carmike's Opposition at 4.

[30] *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 687 (D. Kan. 2000).

"particularized need."[31]  It also asserts that the time range for the request was

unnecessarily long.[32]

Plaintiff makes a sufficient connection between the role of Dunaway and the joint

training of the other managers to entitle her to the information requested for all Salt Lake

theaters, as she has limited the request to only those complaints by the employees of the

three Salt Lake theaters, from one year before Plaintiff was employed until one year after.

The existence of and handling of complaints is discoverable.  This case is not directed to

the Ritz 15 manager or location alone.

**Interrogatory Seven**

7. Please identify by full name, current or last known residential address and
telephone number, current or last known business address and telephone the
following individuals:

a. Every employee employed by the Defendant at the location of
Plaintiff's employ during the time of the Plaintiff's employment with the
Defendant;[33]

Plaintiff asserts that she needs the name and address of every employee employed

at the Ritz 15 while Plaintiff was employed there to be able to locate fact witnesses and

obtain evidence of how Defendant's sexual harassment policy was actually applied.[34]

These witnesses are necessary to testify as to other actions of McFashion that should have

---

[31] Carmike's Opposition at 3.

[32] Carmike's Opposition at 2 –3 (citing *Apsley*, 2007 U.S. Dist. LEXIS 5144 at *30-31 (limiting scope of discovery to four years – time of alleged discrimination – where plaintiff's requests were not sufficiently tailored to claims and defenses); *Beach v. City of Olathe*, 203 F.R.D. 489, 497 (D. Kan. 2001) (limiting scope of interrogatories to length of plaintiff's employment); *Williams v. United Parcel Serv., Inc.*, No. C79-401, 1982 W.L. 419, *1 (N.D. Ohio Sept. 28, 1982)* (limiting discovery to a period beginning one year before the earliest alleged act of discrimination)).

[33] Supporting Memorandum at 4.

[34] Supporting Memorandum at 5; Plaintiff's Reply to Carmike's Opposition, docket no. 17, filed March 13, 2007, at 6 [*hereinafter* Plaintiff's Reply].

put Defendant on notice of his propensities, to verify Plaintiff's testimony that "sexual banter was rampant," and to testify that their complaints also went unheeded.[35]  Plaintiff claims that Federal Rule of Civil Procedure 26(a)(1)(A) requires that Defendant list "the name and, if known, the address and telephone number of each individual" who would have knowledge of Defendant's "harassment free environment."[36]  But the rule only requires disclosure of those persons "the disclosing party may use to support its claims or defenses."  If Defendant does not plan to use these other employees, the strict language of the rule does not require disclosure. But a discovery request may go beyond disclosure requirements.

Plaintiff lists several of the employees whose information Defendant has refused to provide, to show her need for this information.[37]  Among the persons Plaintiff lists are the manager that assaulted Plaintiff; managers to whom she reported sexual harassment; and an employee "who observed at least one manager retaliating against female employees who would not date him."[38]  Plaintiff also points out that many of the employees are younger and "either reside with their families or with roommates and whose location and contact information is not readily available in the telephone book or through other sources."[39]

---

[35] Supporting Memorandum at 5.

[36] Supporting Memorandum at 5.

[37] Supporting Memorandum at 5–6.

[38] Supporting Memorandum at 6.

[39] Plaintiff's Reply at 6–7.

Defendant argues this interrogatory is overly broad and irrelevant.[40]  It points out that "[t]he Ritz 15 is a large complex, and other employees who worked different shifts on different days than Plaintiff, in different areas of the theater, and under different supervisors are unlikely to provide information relevant to Plaintiff's allegations."[41] Defendant argues that Plaintiff will know of any individuals likely to have relevant information, and that Plaintiff has cited no authority requiring Defendant to "identify every single employee who may possibly have worked at the Ritz 15 for the last seven years."[42]

Plaintiff is seeking witnesses to testify that there was a sexually hostile environment at the Ritz 15 in general, and not necessarily just during Plaintiff's shift, in her area, under only her manager's supervision, so information about these persons is highly relevant.  The response will provide information that will be very difficult for Plaintiff to acquire through other means.

### Request Numbers Thirteen, Twenty, and Twenty-Seven

13. Copies of all documents reflecting agreements with each and every employee of Defendant who was terminated or laid off from May 25, 1999 to the present.

20. All documents provided or created at the time any other employee left the employ of the Defendant in which said employee gave reasons for that employee's resignation.

27. Copies of any and all unemployment claims submitted by any employee since the Defendant has owned and/or operated the business at issue herein.[43]

---

[40] Carmike's Opposition at 4.

[41] Carmike's Opposition at 5.

[42] Carmike's Opposition at 7.

[43] Supporting Memorandum at 6.

Plaintiff narrowed the scope of these requests to include agreements with terminated employees; documents explaining reasons for an employee's departure; and unemployment claims from the three Salt Lake theaters as far back as 2000.[44]

In support of compelling the production of these requests, Plaintiff asserts that prior acts of discrimination and Defendant's adherence to other anti-discrimination statutes are probative in a Title VII case.[45]  The memorandum cites one possible example of discrimination of which Plaintiff is aware, and asserts that discovery of this and other incidents has a bearing on her Title VII action.[46]  Plaintiff also asserts that "Defendant's adherence to other discrimination statutes bears on the Plaintiff's claim for punitive damages."[47]

Defendant also argues that the requests are "in no way relevant to the claims in the instant action and [are] not likely to lead to the discovery of admissible evidence."[48]  Defendant contends that Plaintiff has offered "no explanation for how agreements with ex-employees, documents regarding employee separations, and unemployment claims would . . . demonstrate prior acts of discrimination at Carmike."[49]  In its Reply to Defendant's Opposition, Plaintiff explains that when there is a sexually hostile

---

[44] Carmike's Opposition at 7.

[45] Supporting Memorandum at 6–7 (citing *Plotke v. White*, 405 F.3d 1092 (10th Cir., 2005); *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1248–49 (10th Cir. 1999)).

[46] Supporting Memorandum at 6–7.

[47] Plaintiff's Reply at 5 –6 (citing *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1248–49 (10th Cir. 1999)).

[48] Carmike's Opposition at 7–8.

[49] Carmike's Opposition at 8.

environment, which Plaintiff alleges there was, employees regularly "become disgusted and leave" and that "[a]s these employees leave there is often a paper trail created."[50]

Defendant argues that these requests are overly broad, for the same reasons Interrogatories Four and Seven were said to be overly broad.[51]  Defendant also mentions that these requests seek confidential information, but provides no explanation.[52]

In the scope of discovery, these requests as narrowed by Plaintiff (to include agreements with terminated employees; documents explaining reasons for an employee's departure; and unemployment claims from the three Salt Lake theaters as far back as 2000) are appropriate and should be answered.  They are narrowly tailored to show the groundwork for possible evidence to support Plaintiff's claims.  The information may not ultimately be admissible at trial, but Plaintiff is entitled to discover what exists.

## Award of Attorneys Fees

In her motion to compel, Plaintiff requested an award of reasonable attorney fees "for the necessity of seeking this relief."[53]  Defendant objects to the award of attorneys fees because its non-disclosure is justified and because it would be unjust.[54]  It appears that Defendant has acted in good faith, responded to discovery in a timely fashion, and

---

[50] Plaintiff's Reply at 3–4.

[51] Carmike's Opposition at 7 (citing *McCoo*, 192 F.R.D. at 687; *Beach*, 203 F.R.D. at 497).

[52] Carmike's Opposition at 9.

[53] Motion to Compel at 1.

[54] Carmike's Opposition at 9–10.

had a good faith objection to producing the discovery at issue.  Defendant's position is substantially justified.[55]  For these reasons attorney fees will not be awarded.

## ORDER

IT IS HEREBY ORDERED that the motion to compel[56] is GRANTED as provided herein.

Dated this 5th day of April, 2007.

BY THE COURT:

_____

David Nuffer
United States Magistrate Judge

---

[55] *Hutchinson v. Pfeil*, No. 98-5043, 1999 WL 1015557 at *1 (10th Cir. Nov. 9, 1999)(unpublished decision).

[56] Docket no. 14, filed Feb. 22, 2007.